# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

PPV CONNECTION, INC.

    Plaintiff

              v.                    **Civil No.** 09-1454

GILBERTO MELENDEZ, et al

    Defendants

## OPINION & ORDER

The present action was brought by Plaintiff, PPV Connection, Inc. ("PPVC"), against numerous and unrelated co-defendants. After reviewing the Complaint, this Court ordered PPVC to show cause why the present action should not be dismissed against all but the first named co-defendant, for improper joinder.  Docket # 7. PPVC duly responded to this Court´s Order to Show Cause. Docket # 22. After considering PPVC´s response, and the applicable law, all claims shall be dismissed without prejudice against all co-defendants.

**Factual Background**

PPVC has joined twenty-two sets of defendants in the present law suit. Including the above captioned action, over the past five and a half years, PPVC has initiated thirty (30) nearly identical cases in the District of Puerto Rico**,** each alleging that multiple sets of defendants violated PPVC's "exclusive license to distribute for commercial gain the closed circuit broadcast of [specified boxing events] to various business establishments throughout Puerto Rico." See, e.g., Docket # 1 at ¶ 8. These defendants are alleged to have violated said license by "willfully intercept[ing] and/or receiv[ing] the interstate communication of [the given boxing event]" without "payment of the appropriate fee to PPVC." See, e.g., id. at ¶¶ 14 & 16. In each case, PPVC thereby seeks recovery pursuant to the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605. See, e.g., id. at ¶1.

For the most part, these cases have been disposed of through some combination of settlements (see, e.g., PPV Connection, Inc. v. Colon-Velazquez, No. 06-1793, Docket # 4 & 5), default judgments (see, e.g., PPV Connection, Inc. v. Acevedo, No. 07-1794, Docket # 12), dismissals for service error (see, e.g., PPV Connection, Inc. v. Hernandez, No. 09-1447, Docket # 23) and failure to prosecute (see, e.g., PPV Connection, Inc. v. Reyes, No. 08-1193 (D.P.R. filed Feb. 3, 2009) (order dismissing complaint against thirteen defendants for failure to prosecute). In one such case, one set of defendants is currently trial ready. PPV Connection, Inc. v. Lopez, (No. 07-1796) (Docket # 49).

With respect to the instant cases, on November 17, 2009, this Court filed an "Order to Show Cause," asking PPVC to provide (1) "proof of progress in the claim against [defendants]," (2) "proof of timely service of the other parties," and (3) cause as to "why the present action should not be dismissed for improper joinder under FED.R.CIV.P.20 & 21," Docket # 9. On November 30, 2009, the deadline imposed by the Court, Plaintiff PPVC filed its "Motion in Compliance to Order to Show Cause." Docket # 25. This Court's being satisfied with PPVC's showing as to (1), (2), and (4) above, it remains for this Court to determine whether this action should be dismissed for Improper Joinder under FED.R.CIV.P.20 & 21.   It should also be noted that a summons was issued for named co-defendant, Gilberto Meléndez ("Meléndez"), on June 9th, 2009, but no proof of process has yet been returned to the Clerk of the Court.[1]

**Applicable Law & Analysis**

Of PPVC's twenty-nine similar cases besides the above captioned, the joinder issue has arisen in two, neither of which has settled the question directly. PPV Connection, Inc. v. Rodriguez, 607 F. Supp. 2d 301, 306 (D.P.R. 2009) (improper joinder as basis for dismissal

---

[1]Plaintiff has requested dismissal without prejudice of all claims against Meléndez.

declared moot); PPV Connection, Inc. v. Pacheco, No.08-1045 (D.P.R. filed Jan. 11, 2008) (Report and Recommendation from Magistrate Court on Motion to Dismiss for improper joinder pending). However, the present case closely parallels Don King Productions, Inc. v. Colon-Rosario, 561 F.Supp. 2d 189 (D.P.R. 2008), which held joinder improper where (1) there was no allegation that defendants acted in concert, (2) the only connection between defendants was that they were alleged to have violated the same federal laws against piracy of cable television, (3) defendants were likely to present different defenses, and (4) defendants were likely to confront different evidence. Id. at 192 (D.P.R. 2008).

Though, in addition to this Court, two others within the District of Puerto Rico have addressed the possibility that PPVC's joinder of defendants was improper, in no case has the question been settled. See Rodriguez, 607 F. Supp. 2d 301 (D.P.R. 2009); Pacheco, No.08-1045. In Rodriguez and Pacheco, defendants Rivera Rosario and Méndez Piña respectively, each cited improper joinder as a basis for dismissal. Motion to Dismiss at 4-6, Rodriguez (No. 08-1046) (Docket # 7); Motion to Dismiss for Improper Joinder under FED.R.CIV.P. 21, Pacheco (No. 08-1045) (Docket # 26). Both argued that as "[t]here is no allegation that the[] defendants acted in concert or are jointly liable for anything ... [t]he defendants ... have been improperly joined in one action." Motion to Dismiss at 4, Rodriguez (No. 08-1046) (Docket # 7); Motion to Dismiss for Improper Joinder under FED.R.CIV.P. 21 at 1, Pacheco (No. 08-1045) (Docket # 26). In Rodriguez, Judge Besosa never settled the question, instead ruling it moot since, by that stage of the litigation, no defendants other than the movants remained. 607 F. Supp. 2d at 306. In Pacheco, Judge Domínguez referred the issue to Magistrate Court, where no ruling has yet been determined. Order of Referral, Pacheco, No.08-1045 at Docket # 28.

Nevertheless, Don King, which is factually almost indistinguishable from the case at bar, provides this Court with the necessary guidance on said issue. There, this Court held that Don

King Productions, Inc. ("DKPI") misjoined thirty-seven (37) defendants in violation of FED.R.CIV.P. 20, which only allows defendants to "be joined in one action" when:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

In Don King, whether the defendants were properly joined hinged upon the "transactional relatedness" requirement. Don King, 561 F.Supp.2d at 191. The opinion explained that: (1) the defendants were not alleged to have "acted in concert," that (2) "[t]he only connection between them [was] that they each allegedly violated provisions of federal law relating to piracy of cable television," and that (3) they were likely to have different defenses and (4) face different evidence. This Court then found that the alleged "transactions" and "occurrences" lacked the requisite "relatedness." Id. at 192.

The relevant facts in the instant cases and in Don King are substantially the same.[2] DKPI alleged to have a "license for the exclusive exhibition of" the "closed-circuit telecast" of three boxing events: (1) the April 17-18, 2004 match between Chris Byrd and Andrew Golota, (2) the October 2-3, 2004 match between Felix Tito Trinidad and Ricardo Mayorga, and (3) the December 14, 2003 match between Bernard Hopkins and Williams Joppy ("DKPI Events"). Don King, 561 F.Supp.2d at 190.  Likewise, PPVC alleges to hold "the exclusive license to distribute for commercial gain the closed circuit broadcast of [the July 26, 2008 boxing match between Miguel Cotto and Antonio Margarito]" ("PPVC Event"). Docket # 1 ¶ ¶ 6 & 8. Both

---

[2] Indeed, moving for higher damages in PPV Connection, Inc. v. Colon, PPVC argued that "this Honorable District Court ... has issued default judgments against defendants in cases under 47 U.S.C. §§ 553 and 605 filed by PPVC or Don King Productions, Inc., *identical to the instant case* . . ." Motion to Alter or Amend Partial Judgment at 11 ¶12, PPV Connection, Inc. v. Colon (No. 06-1793) (emphasis added). Though this motion was filed in February of 2007, prior to the 2008 Don King opinion, PPVC clearly refers to a line of DKPI cases into which the Don King opinion falls and characterizes those cases as "identical" to those initiated by PPVC.

entities allege to have been engaged in "contract[ing] with various establishments throughout Puerto Rico and grant[ing] to such establishments the right to broadcast the Event in exchange for a fee." Docket # 1 ¶ 10; Don King, 561 F.Supp.2d at 190 (practically identical language).

In both the instant action and in Don King, PPVC and DKPI each charged over twenty (20) defendants with (1) "willfully intercept[ing] and/or receiv[ing] the interstate communication of the [closed-circuit telecast of specific boxing events]" (Docket # 1 ¶ 14; Don King, 561 F.Supp.2d at 190), (2) without paying the requisite fees, and (3) in violation of the exclusive license rights of each. Docket # 1 ¶ 16; Don King, 561 F.Supp.2d at 190. Moreover, the strategy of recovery, is identical, and based on the Communications Act of 1934. 47 U.S.C. §§ 553 and 605.

In its "Motion in Compliance of Order to Show Cause," PPVC seeks to distinguish the factual situation in the instant cases from that in Don King. Docket # 25 at 6. Though claiming that the facts "differ[] significantly," PPVC first points to a procedural distinction–that whereas in Don King defendants moved for dismissal on the basis of improper joinder, at present "no defendant is defending him or herself and there is no dismissal or severance request." Id. However, that the joinder issue was raised by the bench rather than a defendant has no bearing on whether the joinder was itself proper. Moreover, FED.R.CIV.P. 21 allows that in the event of misjoinder, "[o]n motion *or on its own*, the court may, at any time, on just terms, add or drop a party." (Emphasis added). As "[t]he language '[p]arties may be dropped' essentially means that parties may be dismissed," a court may dismiss parties *sua sponte* upon a finding of misjoinder. See DirectTV, Inc. v. Boggess, 300 F. Supp. 2d 444, 450 (S.D.W.V. 2004) ("order[ing] *sua sponte* the dismissal without prejudice of all other defendants in th[e] action except for the first named defendant").

PPVC  next seeks to differentiate <u>Don King</u> from the instant cases by highlighting the fact that the defendants in <u>Don King</u> were charged with cable and satellite signal theft "of three different and distinct transmissions broadcasted on three different and distinct dates," namely, the DKPI Events, whereas the present defendants are all charged with theft relating to the same boxing event, the PPVC Event. Docket # 25 at 6. Though failing to engage in any explanation of the how or why this difference may be significant, PPVC must believe that by resting its claim upon a single event it has tightened the "transactional relatedness" it needs to satisfy FED.R.CIV.P. 20.

However, given this Court's reasoning in <u>Don King</u>, the fact that in the instant cases all of the defendants "are alleged to have intercepted the same satellite and/or cable signal of the same live television broadcast on the evening of August 30, 2008," rather than three separate signals of three separate broadcasts on three separate nights, bears little relevance to whether the transactions and occurrences are sufficiently related to render joinder proper pursuant to Fed.R.Civ.P. 20. Docket # 25 at 6. That the charges all relate to the PPVC Event does not change the fact that the defendants are not alleged to have acted in concert, or even to have had any relationship with each other whatsoever, and hence are likely to avail themselves of different defenses and to be confronted with different evidence. <u>See</u> <u>Don King,</u> 561 F. Supp. 2d at 192.

Moreover, even though PPVC has limited its charges to those relating to a single boxing event, it remains true that its "claims against the defendants, 'arise out of different, albeit similar, facts.' The only connection between them is that they each allegedly violated provisions of federal law relating to piracy of cable television." <u>Id.</u> (Quoting <u>DIRECTTV v. Patel</u>, 2003 WL 22669031, at p. 1 (N.D.III.2003) (unpublished)). Given that the similarities between <u>Don</u>

King and the instant cases are such that the factual backgrounds are nearly identical the legal reasoning from the former is directly applicable to the latter.

Clearly then, PPVC improperly joined unrelated defendants. That said, the procedural status of the instant cases is such that should this Court enter the partial judgments and default judgments requested by PPVC, "no defendants would be actively defending themselves." Docket # 25 at 5. Thus this Court might, as urged by PPVC, enter such judgments and consider the joinder issue moot, as did the Rodriguez court. However, as FED.R.CIV.P. 21 expressly allows a court to "add or drop a party," or in other words, to dismiss a party, *sua sponte*, "at any time, on just terms," this Court may also dismiss claims against all defendants save the first named defendant. See Boggess, 300 F. Supp. 2d at 450. Other district courts have issued *sua sponte* dismissals of this nature, and equity in this case dictates a similar course of action. Id., F.Supp.2d 444 (S.D. W.V. 2004); Direct TV, Inc. V. Armellino, 216 F.R.D. 240 (E.D.N.Y. 2003).

Because this Court finds that all co-defendants, except the first named party (Meléndez), are improperly joined, it hereby **ORDERES** the dismissal without prejudice of all claims against said parties. Furthermore, on an administrative note, Plaintiff's practice of improperly joining co-defendants  has the effect of avoiding court filing fees, which would total near $7,000 for this case, and tens of thousands of dollars for the dozens of similar actions filed in this district over the last five years. Accordingly, Plaintiff is advised that all future claims of this nature must be instituted separately against individual defendants.

**Conclusion**

In light of the above, and considering the equities involved, this Court will **DISMISS without prejudice** PPVC's claims against all co-defendants besides Meléndez on the grounds of improper joinder. Furthermore, at Plaintiff's request, this Court will also **Dismiss without**

**CIVIL NO. 09-1454 (SEC)** **Page 8**

**prejudice** all claims against Meléndez, his wife Jane Doe, and the conjugal partnership between them. <u>See</u> Docket # 20.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 19th day of January, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge